NO. 07-04-0293-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 16, 2004


______________________________



ROBERT BOBBY CASTILLO, JR.,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW #1 OF RANDALL COUNTY;



NO. 2003-0559-L; HON. JAMES W. ANDERSON, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Robert Bobby Castillo, Jr., by and through his attorney, has filed a motion
to dismiss this appeal because he no longer desires to prosecute it. Without passing on
the merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

 Brian Quinn

 Justice

Do not publish.



>

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 11, 2008
                                       ______________________________

ARMANDO DIAZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18404-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Armando Diaz, pleaded guilty to the offense of injury to a child. The trial
court deferred adjudication and placed appellant on community supervision for a period of
seven years. Thereafter, the State filed a motion to adjudicate appellant alleging a number
of violations of the terms and conditions of community supervision. Appellant pleaded true
to five of the allegations contained in the State’s motion to adjudicate. After receiving
appellant’s plea of true, and with consent of appellant, the trial court conducted a single
hearing on the remaining allegations contained in the State’s motion to proceed and the
issue of punishment. Appellant was sentenced to 10 years in the Institutional Division of
the Texas Department of Criminal Justice. We affirm the judgment of the trial court. 
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court’s judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.



 
                                                                           Mackey K. Hancock

                                                                                     Justice





Do not publish.